IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| WEST VIRGINIA HIGHLANDS CONSERVANCY, INC., ) ) ) Plaintiff, ) ) v. ) KENNETH SALAZAR, ) Secretary of the Interior, ) Defendant. ) ) | Civil Action No. 2:11-cv-00037-JPB |

## COMPLAINT AND PETITION FOR JUDICIAL REVIEW

West Virginia Highlands Conservancy, Inc., ("the Conservancy") brings this action against Kenneth Salazar, Secretary of the Interior ("the Secretary"), to obtain judicial review of the decision of the Interior Board of Land Appeals ("the Board") on remand following this Court's reversal of the Board's initial denial of an attorney fee petition. Pursuant to 43 C.F.R. § 4.1101, the Board exercises the Secretary's final decision making authority under the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. §§ 1201-1328 ("SMCRA"). The Conservancy is aggrieved by the Board's March 31, 2011, decision again denying a petition for an award of costs and expenses, including reasonable attorney fees, incurred during the Conservancy's participation in an administrative appeal which the Board decided in *West Virginia Highlands Conservancy*, 165 IBLA 390 (May 13, 2005). The Conservancy attaches as Exhibit 1 to this complaint the Board's March 31, 2011, decision, which is reported at 181 IBLA 31.

### JURISDICTION AND VENUE

1. The Conservancy again invokes the jurisdiction of this Court pursuant to 30 U.S.C. § 1276(a)(2). That statute provides, among other things, that any order or decision of the Secretary in a SMCRA proceeding required to be conducted pursuant to 5 U.S.C. § 554 shall be subject to

judicial review on or before 30 days from the date of such order or decision in the United States District Court for the district in which the surface coal mining operation is located.

2. The Board's March 31, 2011, decision denying the Conservancy's fee petition is a "decision in a proceeding required to be conducted pursuant to 5 U.S.C. § 554" because the regulations governing administrative review proceedings arising under SMCRA provide for, and authorize the Board to order, the determination of contested factual issues through formal adjudication before an administrative law judge. 43 C.F.R. § 4.1101(b); *Citizens Coal Council v. Office of Surface Mining Reclamation & Enforcement (On Reconsideration)*, IBLA No. 97-89R (Sept. 14, 2004)(ordering an evidentiary hearing before an administrative law judge with respect to disputed facts bearing on a fee petition submitted to the Board as the result of citizen participation in an administrative appeal arising under SMCRA).

3. In addition, the Board's March 31, 2011, decision is a "decision in a proceeding required to be conducted pursuant to 5 U.S.C. § 554" because the fee petition at issue was a collateral proceeding arising from the Conservancy's administrative appeal of a decision of the Director of the Office of Surface Mining Reclamation and Enforcement ("OSM") concerning OSM's failure to conduct a requested federal inspection or to take requested federal enforcement action under SMCRA and because the regulations governing such proceedings establish an adversary procedure characterized by the presentation of evidence by citizens to OSM, the preservation of that evidence in an administrative record, the submission to the Board of written statements on behalf of the complaining citizen and the agency regarding the relevant facts and controlling law in each case, and the determination of any contested factual issues through formal adjudication before an administrative law judge. *See* 30 C.F.R. §§ 842.12-842.15; 43 C.F.R. §§ 4.1280-4.1286.

4. Alternatively, the Conservancy invokes the jurisdiction of this Court pursuant to 5 U.S.C. §§ 702 and 703 and 28 U.S.C. § 1331 for the purpose of obtaining judicial review of a final agency action which, if not reviewable pursuant to 30 U.S.C. § 1276(a)(2), is not susceptible to other adequate remedy in a court.

5. Venue is proper in this district because the Board's decision arises from proceedings in which the Conservancy sought to compel inspection and enforcement at a surface coal mining and reclamation operation located within the geographical jurisdiction of this Court.

## PARTIES

6. The Conservancy is a non-profit membership organization incorporated under the laws of the State of West Virginia. The Conservancy is dedicated to preserving the environment and promoting prudent use of natural resources. The Conservancy has over 1,300 members and organizations in West Virginia and bordering states. Throughout its existence, the Conservancy has promoted the protection of West Virginia's land and water resources from the effects of coal mining, timbering, highway and power plant construction, and other developmental activities.

7. The Conservancy has standing to commence and pursue this action because it is a party to the Board decision and because the Board's decision adversely affects the Conservancy's ability to pay its counsel a reasonable fee for services rendered in connection with participation in a proceeding arising under SMCRA.

**CAUSE OF ACTION**

8. The Board's decision is arbitrary, capricious, an abuse of discretion, or otherwise inconsistent with law because it denies the instant petition for an award of costs and expenses based on the Conservancy's failure to prevail (a) on the Board's remand of the underlying inspection and enforcement issues in this case or (b) in numerous other cases concerning termination and reassertion of the Secretary's regulatory jurisdiction of surface coal mining operations conducted during SMCRA's initial regulatory program.

9. As the Board acknowledged, this Court and the United States Court of Appeals for the Fourth Circuit have established as law of the case in this matter the principle that entitlement to a fee award must be determined **without regard** to the substantive outcome of the Board's remand of the underlying inspection and enforcement issues. *West Virginia Highlands Conservancy, Inc. v. Office of Surface Mining Reclamation & Enforcement (On Judicial Remand)*, 181 IBLA at 47 n.21 (emphasis in the original).

10. The Board's decision, however, directly contravenes this law of the case by considering, as part of the "totality of circumstances" relevant to the instant fee petition, the outcome of the Board's remand of the Conservancy's request to OSM for inspection and enforcement action at the surface coal mining operation at issue.

11. Separately, the Board's consideration of the outcome of other administrative and judicial proceedings as part of the "totality of circumstances" bearing on the Conservancy's entitlement to fees was also arbitrary, capricious, and otherwise inconsistent with law because that action rendered the Conservancy's past successes or failures in other proceedings determinative of whether the group had made a substantial contribution to a full and fair determination of the issues

in the administrative appeal which gave rise to the instant fee petition, despite the principle that success or failure in separate litigation cannot, consistent with due process of law or the Secretary's fee-shifting regulations, be a relevant factor in determining whether a litigant has made a substantial contribution to a full and fair determination of the issues in a subsequent, independent administrative appeal.

12. The Board's decision was also arbitrary, capricious, or otherwise inconsistent with law in denying the instant fee petition even though the Conservancy's commencement and prosecution of its administrative appeal were the **only** actions that prompted the Board, *sua sponte*, to set aside OSM's adverse decision on informal review of the Conservancy's inspection and enforcement request and to remand the matter to OSM with directions to correct the inadequacy that the Board perceived in OSM's investigation of that request.

13. In cases such as this one, where the Board vacates and remands an OSM decision based on legal reasoning that the Board raises on its own, especially where the Board provides the litigating parties no opportunity to address the legal issue which the Board deems dispositive, the Secretary has a legal duty under SMCRA to conclude that a participant who commenced and prosecuted the administrative appeal "made a substantial contribution to a full and fair determination of the issues" within the meaning of 43 C.F.R. §4.1294(b).

## REQUEST FOR RELIEF

WHEREFORE, the Conservancy requests that the Court grant the following relief:

A. An order reversing the Board's March 31, 2011, decision, holding the Conservancy entitled to an award of costs and expenses in connection with its participation in the underlying

administrative appeal and remanding the matter to IBLA with instructions to determine the appropriate amount of the award;

  B. A separate award of costs and expenses (including attorney fees) that the Conservancy reasonably incurs in bringing this action for judicial review; and

  C. Such other and further relief as statutes may authorize or as the Court may deem just and proper.

         Respectfully submitted,
         WEST VIRGINIA HIGHLANDS CONSERVANCY, INC.
           -By Counsel-

s/ Derek O. Teaney
DEREK O. TEANEY (W. Va. Bar No. 10223)
Attorney for the Plaintiff
Appalachian Center for the Economy and the Environment
Post Office Box 507
Lewisburg, West Virginia 24901
Telephone: (304) 645-9006
Telefax: (304) 645-9008
E-mail: dteaney@appalachian-center.org